REQUESTED BY: Dear Senator Vickers:
You have requested an opinion from this office as to whether the value of rent-free housing, utilities and similar items provided by counties to sheriffs can be included in the calculation of the `minimum salary' of sheriffs that would be established by the provisions of LB 628, were it to be enacted.
It appears to us that those portions of LB 628 relevant to your inquiry would have only the effect of increasing the dollar amounts of the minimum salaries to be paid Nebraska county sheriffs presently established by virtue of section23-1114.02 through 23-1114.07, R.R.S. 1943. Accordingly, your inquiry is just as pertinent relative to those existing statutes as it is to LB 628.
This office previously has had occasion to consider this question. The position we have taken in the past, and which we now take, is that it is not proper to regard as part of his salary the fair and reasonable value of residence facilities furnished to the sheriff without charge by the county. The word `salary' as used in LB 628 should be taken to mean a fixed annual or periodical payment for services and a compensation which cannot be diminished during continuance of the incumbent in office. In contrast, the weight of authority is that the provision of living quarters for a sheriff is more in the nature of a gratuitous allowance or emolument of office and is in addition to the prescribed regular `minimum salary' guaranteed by statute. While we feel that the courts would construe LB 628 as presently written in this manner, a definition of minimum salary could of course be included in the bill to clarify any different construction intended by the Legislature.
Relative to utilities, clothing, etc., and consistent with our position in connection with rent-free housing, we take the view that the value of such items should not be regarded as a part of a sheriff's minimum salary pursuant either to LB 628 or existing statutes. In fact, we note that section 23-1718, R.R.S. 1943, specifically provides for a uniform allowance independent of salary considerations to be paid sheriffs and deputies serving in counties of less than 200,000 population.
In our opinion, the practical effect of the existing statutes regarding sheriffs' salaries would not be changed by passage of LB 628 in its present form. Counties must provide them at least the statutory prescribed minimum salaries for the performance of their regular and official duties and services. Beyond that, the counties may, as they deem appropriate, provide them with increased salaries, gratuities or allowances not otherwise statutorily precluded. However, any such increases, gratuities or allowances are not to be regarded as part of the minimum salary.